(May 30, 1973)

█ In the Matter of EDMUND J. HOFFMANN, JR., an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent, who was admitted to the Bar by this court on November 12, 1959, moves to confirm in part and disaffirm in part the report of the Referee to whom the issues were referred. Petitioner cross-moves to confirm the report insofar as it sustained charges of misconduct and to disaffirm in all other respects. The original and supplemental petitions set forth eight charges of professional misconduct. The Referee sustained four charges of misconduct each involving the delivery by respondent to his client, or to his client's spouse, of a certified copy of a nonexistent divorce decree*, and one charge involving respondent's deception of an attorney as to the existence of a divorce decree. He refused to sustain two charges involving neglect of a client's affairs and deception as to the status thereof, and one charge involving deception of a client as to whether respondent had obtained a divorce on his behalf. In addition, respondent has admitted the delivery of copies of nonexistent divorces in nine other instances. Respondent's attorneys urge that the charges involving the delivery of certified copies of nonexistent divorce decrees should be dismissed since the evidence establishes that respondent's conduct in this respect was not of a willful or deliberate nature because it resulted from hypoglycemia, a prediabetic condition from which respondent was suffering at the time. Hypoglycemia is a condition of low

---

* As to each charge, the Referee found that respondent admittedly delivered a certification signed by respondent wherein he certified that he had compared a decree of divorce annexed to the certification with the original filed at the office of the county clerk on a certain date and found the annexed decree to be a true and complete copy when, in fact, respondent had not obtained any such decree and the certification was false.

blood sugar which causes, on an episodic basis, a poor mental activity characterized by confusion, forgetfulness, lapses of memory and defects in judgment. In the opinion of respondent's medical experts, the condition of hypoglycemia would account for respondent's conduct without any intention on his part to willfully or deliberately deceive his clients. It is well settled that the fact that an attorney's actions are unintentional and the result of physical or mental disorder is no defense to a disciplinary action for professional misconduct (see, e.g., *Matter of Samuels*, 22 A D 2d 564, cert. den. 383 U. S. 954; *Matter of Anonymous*, 21 A D 2d 48; see, also, 96 ALR 2d 739). It is, however, proper to consider, as a mitigating factor in arriving at the measure of discipline to be imposed for professional misconduct, the attorney's claim that his acts were unintentional and resulted from physical or mental disorder. Accordingly, we confirm the Referee's findings as to Charges I and III of the original and supplemental petitions involving delivery of nonexistent divorce decrees. Likewise, we sustain the Referee's finding that respondent deceived an attorney as to the existence of a divorce decree, as set forth in Charge II of the supplemental petition. With respect to the three remaining charges in the original petition, we agree with the Referee's refusal to find that respondent deceived a client as to whether he had obtained a divorce on his behalf (Charge II), neglected a third-party action for personal injuries and deceived his client as to the status of the matter (Charge V). However, we disagree with his refusal to sustain the charge that respondent neglected to commence arbitration proceedings on behalf of his client and deceived his client as to their status (Charge IV). Indeed, respondent admitted that he had done nothing in regard to his client's claim from August, 1967 to July, 1969, when he was discharged. The fact that respondent, because of his neglect, gave his client a note in settlement does not excuse his misconduct. Therefore, we sustain Charge IV of the original petition. Accordingly, respondent's motion to confirm the report of the Referee, insofar as it refused to sustain the allegations of Charges II, IV and V of the original petition, is granted as to Charges II and V and denied as to Charge IV. Respondent's motion to disaffirm the report, insofar as it sustained the allegations of Charges I and III of the original petition and Charges I, II and III of the supplemental petition, is denied. Petitioner's cross motion to confirm the report, insofar as it sustained Charges I and III of the original petition and Charges I, II and III of the supplemental petition, is granted. Petitioner's cross motion to disaffirm, insofar as the report refused to sustain Charges II, IV and V of the original petition, is granted as to Charge IV and denied as to Charges II and V. In evaluating the punishment to be imposed upon respondent for his misconduct, we have given due consideration to the proof of his physical and mental condition during the period involved, as well as to the substantial proof of his good reputation in the community and at the Bar. We note that respondent has repaired much of the damage which resulted from his misconduct by obtaining, in some cases, valid divorces and, in others, by indemnifying his clients for some of the inconvenience which they suffered. Taking these mitigating factors into consideration, as well as respondent's otherwise satisfactory record, we conclude that respondent should be suspended from the practice of law for a period of two years and thereafter until the further order of the court. Upon any application for reinstatement, respondent shall be required to submit to a physical and mental examination by a physician to be appointed by the court. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.