In re James **PENDERGAST,** Respondent.

No. 58900.

Supreme Court of Missouri,
En Banc.

July 14, 1975.

Downs, Pierce & Turner, John E. Downs, St. Joseph, for respondent.

Joseph K. Houts, St. Joseph, G. Raymond Speckman, Plattsburg, Franklin T. Thackery, St. Joseph, L. Glen Zahnd, Savannah, for Fifth Judicial Circuit Bar Committee.

FINCH, Judge.

This is an original proceeding initiated by the Fifth Judicial Circuit Bar Committee pursuant to Rule 5 [1] seeking disbarment or discipline of respondent.

An information, filed following a formal hearing conducted on May 24, 1974, charges defendant with violating Rule 4 and more particularly DR 1–102(A)(4), DR 6–101(A)(3) and DR 9–101(A)(2), these being disciplinary rules which provide that a lawyer will not engage in deceit or misrepresentation, that he will not neglect a legal matter entrusted to him and that he will preserve and protect the identity of funds of the client. The information also alleged failure on the part of respondent to pay annual enrollment fees as a lawyer.

Respondent filed an answer in which he admitted the factual allegations in the information but stated that while he had been remiss and dilatory, he did not feel that such conduct would prevent him from being entrusted with the duties and responsibilities of an attorney. He alleged that he would pay up his bar enrollment dues when financially able to do so. The answer stated that respondent did not desire to contest the matter, that the appointment of a master to hear testimony was unnecessary and that the matter could be considered and

1. All references to rules are to Supreme Court Rules, V.A.M.R.

resolved on the basis of the information filed together with the record of the formal hearing held by the Bar Committee.

At the May 24 hearing Mrs. Sharon Moser testified that in February 1973 she employed respondent to handle a divorce for her. She paid him his attorney fee plus filing fees. Thereafter, Mrs. Moser called respondent at various times about her case and was advised that respondent was going to get it filed but when she checked at the clerk's office she was advised the case had not been filed. Other calls produced various excuses for not handling the matter. She finally filed a complaint with the Committee.

Mr. Jack Martin testified that he and his wife hired respondent approximately 14 months prior to the hearing to handle proceedings whereby Martin would adopt two children by his wife's first marriage. They paid him his attorney fee plus court costs. In response to repeated calls from Mr. or Mrs. Martin, respondent advised on various occasions that he had filed the action, but when the Martins checked at the court, they found that the case had not been filed. Finally, the Martins filed their complaint with the Bar Committee.

Testimony disclosed that respondent used all of the funds paid to him by these two clients including filing fees for payment of personal bills.

Both of these cases were filed on or immediately after the formal hearing and material filed with the court discloses that thereafter respondent, with the consent of Mrs. Moser and the Martins, handled their proceedings to satisfactory conclusions.

In addition, respondent has not paid his bar enrollment fees for many years, although Rule 6 expressly mandates the payment of such fees.

As in many such cases, various mitigating circumstances are urged. It appears that respondent during the period of his troubles had a drinking problem which it is claimed he has now cured. It also is urged that respondent renders legal services for modest fees to people who allegedly may have trouble in obtaining legal representation. We have taken these things into account but cannot dismiss this proceeding and impose no discipline. Respondent urges that as in the case of In re O'Brien, 478 S.W.2d 310 (Mo. banc 1972), we should dismiss the case and not discipline respondent, but we conclude that under all the facts, some disciplinary action is called for.

It is ordered that respondent be suspended indefinitely from the practice of law, with leave to apply for reinstatement after expiration of six months from the date of rendition of this decision upon a showing that he is a person of good moral character and that he is fully qualified to be licensed as a member of the bar of Missouri, including a showing that he is then in good standing with reference to his obligation for bar enrollment fees.

All concur.