In re Gary Max **ELDREDGE,**
Respondent.

No. 58924.

Supreme Court of Missouri,
En Banc.

Dec. 8, 1975.

Adams B. Fischer, Durley, Keating & Fischer, Sedalia, for informants.

Peter N. Sterling, Kansas City, for respondent.

HENLEY, Judge.

This is a disciplinary proceeding commenced by the chairman of The Advisory Committee pursuant to Rule 5.19.[1] The information charged that Gary Max Eldredge, respondent, a member of The Missouri Bar admitted to practice in 1971, had been adjudged guilty of professional misconduct in another jurisdiction and, therefore, should be disciplined by this court. We granted the prayer of informant and issued our order directing respondent to show cause why that adjudication should not be conclusive of misconduct for the purpose of discipline by this court.

1. References to rules are to Missouri Supreme Court Rules.

The information alleges, in particular, that on May 3, 1974, respondent was stricken from the roll of attorneys authorized to practice in the United States Court of Appeals for the Eighth Circuit, because he neglected a legal matter entrusted to him, in that, as court-appointed counsel for Oran Ray Hayes, appellant in the case of *U. S. v. Oran Ray Hayes,* this respondent: (1) neglected to file timely a brief for appellant and neglected repeatedly to file a supplemental brief within the time as extended by the court; (2) failed to provide appellant with a copy of the brief filed although requested to do so; (3) neglected and failed to file a petition for writ of certiorari in the Supreme Court of the United States although repeatedly informed of his duty and requested to do so; and (4) failed to meet appointments made with appellant and failed to answer correspondence received from appellant.

The information further alleges that respondent was, as required by Rule 1(e) of Rules of the United States District Court for the Western District of Missouri, automatically disbarred by order of that court on May 24, 1974, by reason of the action taken earlier in the month by the court of appeals; that he was notified of the automatic disbarment and of his right to show cause on or before June 27, 1974, why that order should be vacated, but he failed to respond thereto.

Respondent raises no question about the effect of the orders entered by the court of appeals and the district court, *In re Veach,* 365 Mo. 776, 287 S.W.2d 753, 758[6] (banc 1956); hence, we need not discuss them. He admits that he neglected his duty to his client in the respects described above. He violated Canon 6(DR6–101(A)(3)) of Rule 4, Code of Professional Responsibility, and it is mandatory that he be disciplined. Actually, the only question this case presents is in the nature and extent of the discipline to be imposed.

Having considered the facts and circumstances of respondent's neglect, and remembering the purpose of discipline so well stated in *Veach,* supra (287 S.W.2d at 760), we conclude that justice would be served by administering a reprimand.

Respondent is reprimanded.

All concur.