In re Wayne R. STARR, Jr., Respondent.

No. 58767.

Supreme Court of Missouri, En Banc.

June 14, 1976.
Rehearing Denied July 12, 1976.

---

Thomas A. Sweeney, Kansas City, for informants.

Thomas M. Sullivan, Downey, Sullivan & FitzGerald, Kansas City, for respondent.

PER CURIAM.

The Circuit Bar Committee of the Sixteenth Judicial Circuit (informant) initiated this disciplinary proceeding by filing an information in this court wherein Wayne R. Starr, Jr. (respondent), a duly licensed attorney in this state, was charged with professional misconduct. Informant alleged that respondent violated Rule 4 [1] (Code of Professional Responsibility) by conduct specifically proscribed by Sections DR 1–102(A)(4) and EC 8–5 thereof.[2]

In accordance with Rule 5.18, the Honorable Richard C. Jensen was appointed as Master to conduct a hearing as provided in Rule 68.03; and, at the termination of the same he did file findings of fact and conclusions of law with an advisory recommendation that respondent "be disbarred, that his right and license to practice law in this state be cancelled and terminated unconditionally, and that his name be stricken from the roll of attorneys in this state." Thereafter, the cause was docketed and arguments, both written and oral, were presented to this court.

All of the charges stem from respondent's participation in the probate of the Last Will and Testament of one Elmer A. Gould in Jackson County, Missouri, wherein he acted as executor (and attorney) for the estate as well as one of three trustees (and attorney) of a testamentary trust created by deceased for the benefit of his minor children. The Master found that respondent sought to "keep hidden" the amount of fees received by him without court approval by (1) filing an inaccurate inventory, (2) failing to report certain transactions involving the estate and trust, and (3) not expending funds therefrom consistent with the applications presented to the court involved; and, that such "deception was practiced or attempted upon the Probate Court, the Circuit Court, the Guardian of the minor children and the Administrator ad Litem of the Estate."

Nothing would be gained by detailing the volume of evidence heard and considered. Suffice it to say that the record supports the findings, conclusions and recommendation of the Master; and, we do not hesitate to find that respondent's conduct was totally inconsistent with those professional standards demanded of the members of the bar of this state.

For the reasons indicated, it is the judgment of this court that respondent be disbarred, that his license to practice law in Missouri be terminated and that his name be stricken from the roll of attorneys in this state. Costs are taxed against respondent.

All concur.

1. References to rules are to Missouri Supreme Court Rules.

2. DR 1–102(A)(4), in part, provides that: "A lawyer shall not: Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

EC 8–5, in part, provides that: "Fraudulent, deceptive, or otherwise illegal conduct by a participant in a proceeding before a tribunal . . . is inconsistent with fair administration of justice, and it should never be participated in or condoned by lawyers."