**In the Matter of John ALPERS, Jr., Respondent.**

**No. 60261.**

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

Lane L. Harlan, Timothy C. Harlan, Boonville, for informant.

William E. Gladden, Houston, for respondent.

SIMEONE, Judge.

This is a disbarment proceeding instituted by the Advisory Committee under Rule 5. The proceeding was instituted on July 5, 1977 by the filing of an information against the respondent John Alpers, Jr. of Cabool, Missouri. The information alleged that the respondent did "wrongfully, unethically and unprofessionally, and in violation of his duties as a lawyer, engage in . . . professional misconduct. . . ." The acts of misconduct alleged were in several counts. Three of the counts related to unprofessional conduct relating to the neglect of three decedents' estates and another count (Count V) alleged that respondent failed to take the necessary action to collect a judgment obtained in Texas after being

employed to do so. Count IV was a general charge relating to the failure to complete the proper administration of several estates. No specifics were alleged and as to this count a motion to dismiss was sustained. The respondent denied the allegations. On order of this court, the Honorable Herbert K. Moss was appointed master to hear evidence. A hearing was held on January 24 and 25, 1978. The master made detailed findings of fact and conclusions of law and recommended public censure.

There is no need to state each and every fact and detail in the processing of the three estates and the failure to take the necessary action to collect the Texas judgment. Suffice it to say that the master found the respondent violated DR6–101(A)(3) of Rule 4 in each of the three estate cases and the Texas judgment case and DR7–101(A)(2) in the latter case.

There was substantial evidence to support these findings. The respondent in each of the three estate cases did not carefully follow the statutes relating to the probate of estates and was delinquent and neglectful in failing to file inventories, or seek extensions, and other violations.[1] There was no fraud or defalcations in the administration of the estates. Neglect in several of the cases could well be construed to be the partial fault of one or more of the administrators rather than the respondent. But there is no doubt that there was substantial evidence that the respondent was neglectful and dilatory in the handling of the estates and did not act in a manner of a professional attorney.

As to the Texas judgment respondent admitted that he should have replied to the numerous letters of the forwarding Texas attorney but failed to do so. He gave no particular explanation except that he had had domestic problems over the past few years which are now resolved and he has custody of two of his children. The master found that the respondent feels he is now a

"more stable person with a better outlook on life after his divorce." Under oath, he stated he is willing to and will apply himself diligently to represent his clients. The master recommended public censure.

In view of this lengthy record which shows that the respondent was neglectful of legal matters entrusted to him in violation of DR6–101(A)(3) and in the failing to carry out a contract of employment in violation of DR7–101(A)(2), we believe that a proper disposition would be to suspend the respondent from the practice of law as hereinafter specified. The neglect of the respondent in the processing of these three estates, while not altogether of his doing, was of sufficient magnitude to require more than a public censure. It is the duty of a lawyer to act with competence and proper care and to represent a client zealously. The respondent here fell below the standards of a competent and efficient attorney.

Neglect of duty to clients is sufficient for disciplinary action. *In re Eldredge*, 530 S.W.2d 221 (Mo. banc 1975)— failure to file brief in criminal case and other neglect relating to client; *In re Pendergast*, 525 S.W.2d 341 (Mo. banc 1975)— failure to handle divorce and adoption proceedings. See Annot., 96 A.L.R.2d 823, 870–874 (1964).

Discipline of an attorney may be effected by disbarment, suspension or censure. Disbarment is an extreme measure of discipline and should be resorted to only in cases where the lawyer demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards. To disbar it should be clear that he is one who should never be at bar; otherwise suspension is preferable. *In re Sullivan*, 494 S.W.2d 329, 334 (Mo. banc 1973). The respondent here has been city attorney for a number of years and has been at the bar since 1959. He has expressed his will-

---

1. One of the estate cases was handled in a strange manner. A person had been declared an incompetent in 1964 and died in 1966. Although the person had died the estate was distributed through the incompetency proceed-

ing rather than a probate proceeding. This was done years after the person had died. Not all of the irregularities were the fault of the respondent.

ingness, and the master so found, to diligently represent his clients. The master found no acts of fraud on the part of the respondent. In such circumstances suspension will serve the ends of justice. In view of this proceeding the respondent is admonished that in the event he does not carry out his willingness to diligently represent his clients and fully complete any matter that may yet have to be accomplished in the administration of these estates, more severe measures may well have to be undertaken.

The Petitioner Advisory Committee contends the master erred in excluding evidence pertaining to the status of other estates being handled by the respondent. These were not specifically charged in the information—the allegation being a general one. Rule 5.15 provides that the information shall set forth in brief form the *specific* act or acts of misconduct charged. That was not done. The master did not err. If respondent is to be disciplined for those additional occurrences, a separate proceeding specifically inquiring into those matters would be necessary.

It is ordered that respondent be suspended indefinitely from the practice of law with leave to apply for reinstatement after the expiration of ninety days from the date of rendition of this decision upon a showing that he is a person of good moral character and fully qualified to be licensed as a member of the Bar.

All concur.