### (January 9, 1980)

■ In the Matter of GERALD G. KRAMER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted to the Bar on April 4, 1962 by the Appellate Division of the Supreme Court, Second Judicial Department. Petitioner moved to confirm in part and to disaffirm in part the report of the Judge to whom the issues were referred. Respondent cross-moves to confirm the findings which are favorable to him, to disaffirm those which are unfavorable and to dismiss the petition of charges. The petition contains 12 charges of misconduct. The hearing Judge sustained 10 charges in full, finding that respondent had temporarily converted funds belonging to his clients, the La Faves (Charge No. 1); had deceived the La Faves, an attorney retained by them and the chairman of a local grievance committee concerning payment of money due the La Faves (Charges Nos. 3, 4 and 5); had issued a check to the La Faves which was returned for insufficient funds (Charge No. 6); had failed to maintain complete and accurate records of clients' funds coming into his possession (Charge No. 7); had temporarily converted funds belonging to a corporate client (Charge No. 8); had neglected an adoption matter and a bankruptcy proceeding (Charges Nos. 9 and 10); and had deceived petitioner in its investigation of a complaint concerning his professional conduct (Charge No. 11). Sustained only in part was the charge that respondent had failed to co-operate with petitioner in its investigation of complaints concerning his professional conduct (Charge No. 12). The hearing Judge also refused to sustain the charge that respondent had failed to reply to communications from two of his clients (Charge No. 2), a finding which petitioner does not challenge. Respondent urges that the charges should be dismissed since the alleged misconduct occurred at a time when he was suffering from a severe mental disorder. From the medical evidence it is established that respondent experienced one or more episodes of manic disease or disorder which severely impaired his judgment. Although respondent's medical expert disagreed with the diagnosis of manic illness, he conceded that the mental disorder was of such severity that it impaired respondent's judgment and general ability to function in his professional work. Both experts, however, acknowledged that during the period in question respondent was capable on occasion of performing acceptable legal work. As the hearing Judge recognized, mental disability or disorder is no defense to a disciplinary action for professional misconduct, although it may be considered as a mitigating factor in arriving at the measure of discipline to be imposed for such misconduct. (Matter of Hoffmann, 41 AD2d 998.) Respondent's motion to dismiss the petition of charges is therefore denied, and, since the evidence in the record supports the findings with respect to the charges sustained, petitioner's motion to confirm the report as to these charges is granted. With respect to the hearing

Judge's refusal to sustain the allegations of Charge No. 12, we agree that the evidence does not support a finding that respondent failed to promptly furnish to petitioner all materials relative to the Agway, Close, McCumber and Boutcher complaints, but we find from the evidence that he did fail to co-operate with the investigation of the Adams, Boutcher and McCumber complaints concerning his professional conduct. With respect to the Boutcher complaint, we find that, despite two requests in January, 1978, respondent failed to furnish a written response to the inquiry until April 12, 1978. The fact that he appeared in petitioner's office on February 28, 1978 and discussed the inquiry with a member of petitioner's staff does not excuse his inaction. The Adams and the McCumber inquiries were closed by petitioner after it found insufficient evidence of professional misconduct. In effect, the hearing Judge concluded that a charge of failure to co-operate may not be sustained in a case where the inquiry on a complaint has been closed upon a finding of insufficient evidence of professional misconduct. Petitioner submits that respondent's failure to co-operate with it during its investigation of these complaints constitutes professional misconduct irrespective of the fact that the inquiries themselves had been closed. We agree. Therefore, we disaffirm the report and substitute our finding that respondent failed to co-operate with petitioner in its investigation of the Adams, Boutcher and McCumber complaints. In determining the sanction to be imposed for respondent's misconduct, we have given due consideration to the proof concerning his mental condition during the period involved. In addition, we note that respondent made full restitution, with interest, to the La Faves and that he also paid the fee of the attorney retained by them to recover their money. Under all the circumstances, we conclude that respondent should be suspended from the practice of law for a period of two years and thereafter until further order of the court. Upon any application for reinstatement, respondent shall be required to submit to a mental examination by a physician to be appointed by the court. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.