**In re William W. SABATH, Respondent.**

**No. 64583.**

Supreme Court of Missouri,
En Banc.

Jan. 17, 1984.

James E. Hullverson, St. Louis, for respondent.

John A. Michener, St. Louis, for informant.

## PER CURIAM.

The respondent is 59 years old. After honorable military service and separation in the rank of First Sergeant he attended law school and was admitted to the Missouri Bar in 1949.

He maintained an apparently successful practice until 1980, but, beginning about that time, had a series of problems with clients which resulted in the filing of these disciplinary proceedings by the Bar Committee for the 22d Judicial Circuit, compounded by severe personal problems. He was forced to close his office and had no further law practice after February of 1982.

He has now sought treatment for his problems and is a resident patient at a Veterans Administration Hospital. His attending physician testified that his condition required inpatient care for the foreseeable future, and was unable to give an estimate about the expected duration. He has managed to make refunds of the modest sums his clients paid him for services not performed, and there is no evidence of other claims against him.

Both the informants and the respondents represent, through their counsel, that the respondent is not now able to function as a practicing lawyer, and there is no claim that the two-year suspension period proposed by the Master is other than reasonable. The informants do not press for any more severe sanction.

We are not bound by the Master's recommendations, and may impose greater sanctions than are recommended, even though the informants do not ask us to do so. *In re Gary E. Haggerty,* 661 S.W.2d 8 (Mo. banc 1983). The purpose of disciplinary action is not to punish the respondent attorney, but rather to protect the public. *In re Randolph,* 347 S.W.2d 91 (Mo. banc 1961); *In re Lang,* 641 S.W.2d 77 (Mo. banc 1982). Respondent's present condition is such that he must not be allowed to maintain an effective law license. His being able to hold himself out as a lawyer would not be in the public interest.

The respondent expresses his desire again to assume the status of lawyer, after treatment has progressed to a point at which such an application would be appropriate. We believe that he should not be denied the opportunity after the expiration of the period of time recommended by the Master. There is no evidence that he was ever guilty of dishonorable conduct or that he sought to enrich himself at the expense of others.

Reinstatement of course would be in order only if the respondent could demonstrate that he is capable of undertaking the responsibilities of legal representation of clients. It is appropriate to say at this point that his suggestion that he might be able to function as counsel if required to associate another lawyer in all matters is not acceptable. There is no provision for a special or limited law license. A lawyer

must be capable of assuming sole responsibility for serving clients.

The respondent is suspended from the practice of law indefinitely, with leave to apply for reinstatement after the expiration of two years from the date of this opinion. The costs of the proceeding are assessed against him.

All concur.