**In re Christian R. MENTRUP,
Respondent.**

**No. 64601.**

Supreme Court of Missouri,
En Banc.

Feb. 15, 1984.

Rehearing Denied March 20, 1984.

James Borthwick, Kansas City, for informant.

David R. Smalley, Kansas City, for respondent.

HIGGINS, Judge.

The Bar Committee of the Sixteenth Judicial Circuit charged respondent with two counts of professional misconduct. The Special Master found the charges supported by the evidence and recommended disbarment. Respondent now asserts that his conduct, while violative of the Discipli-

nary Rules, does not warrant the sanction of disbarment. He contends that a mental disorder affecting his disposition of matters entrusted to him mitigates the gravity of his misconduct; and suggests that the Court permit a supervisory preceptor to assist him in his practice.

There is no dispute of the Master's findings of fact, and nothing would be gained by detailing the volume of evidence heard and considered. *In re Starr*, 538 S.W.2d 334, 335 (Mo. banc 1976). As to Count I, it is shown that respondent converted $24,500 of an estate entrusted to his care; he filed numerous false and fraudulent settlements in connection with the estate; he allowed a judgment to be entered against his unwitting client, after which his client's home was nearly sold to satisfy that judgment. As to Count II, it is shown that respondent misrepresented to his clients letters that he never sent and petitions that he never filed. For twenty-eight months he deceived his clients, thwarting the efforts of buyers to purchase his clients' property and failing even to communicate those offers to his clients. On occasions when he did communicate with his clients he was not truthful.

■ The misappropriation of a client's funds is a serious matter. *In re Robison*, 519 S.W.2d 1 (Mo. banc 1975). It is always a ground for the disbarment of an attorney that he has misappropriated the funds of his client, either by failing to pay over money collected by him for his client or by appropriating to his own use funds entrusted to his care. *In re Oliver*, 365 Mo. 656, 285 S.W.2d 648, 655 (1956). That respondent has made restitution of the converted funds is no defense to these charges. *In re Kohlmeyer*, 327 S.W.2d 249, 252 (Mo. banc 1959). Neglect of duty to one's client also justifies disciplinary action. *In re Alpers*, 574 S.W.2d 427, 428 (Mo. banc 1978).

Respondent suggests that his structural brain defect mitigates his conduct and justifies a lesser sanction than disbarment. He seeks a supervisory preceptor to assist in the efficient handling of matters entrusted to him.

■ Mental illness can and should be considered a mitigating factor in determining the extent of discipline imposed. In some instances psychological disorders that affect an attorney's ability to practice law responsibly may properly suggest leniency. But the paramount objective of the Court in cases such as this is to protect society and maintain the integrity of the legal profession. *In re Lang*, 641 S.W.2d 77, 79 (Mo. banc 1982). Under the facts of this case, that objective is best served by disbarment. Fraud and deception practiced upon one's clients and the courts are inconsistent with the professional standards demanded of members of the bar of this state. *In re Starr, supra* at 335. And, as the Master found, respondent's brain defect does not exculpate him; rather it renders him incapable of competent performance as an attorney.

■ Respondent's request for the appointment of a preceptor conflicts with the Court's holding in *In re Sabath*, 662 S.W.2d 511, 512 (Mo. banc 1984). A lawyer must be capable of assuming sole responsibility for serving clients. There is no provision for a special or limited license to practice law.

■ Respondent is disbarred and his name ordered stricken from the roll of attorneys of this state.

All concur.