In The Matter of George A. DORSEY, Respondent.

No. 66846.

Supreme Court of Missouri, En Banc.

June 16, 1987.

A. Wimmer Carr, Clayton, for informant.

Wayne T. Schoeneberg, St. Charles, for respondent.

DISCIPLINARY PROCEEDING

HIGGINS, Chief Justice.

The Advisory Committee of The Missouri Bar Administration charged respondent

with four counts of professional misconduct occurring from 1980 to 1983. The Special Master found the charges supported by the evidence and recommended ninety days suspension. In Count I, the Master found that: Dorsey had neglected a legal matter entrusted to him by his clients in violation of DR 6–101(A)(2) and (3) which resulted in a default judgment being entered against them. The clients attempted to call respondent by telephone at his office over a period of nine months; they were unable to do so because respondent did not accept their calls or failed to return them. Further, respondent did not promptly return the client's legal papers and documents to them when requested. In Counts II and III, respondent neglected legal matters entrusted to him by his clients in dissolution of marriage proceedings in violation of DR 6–101(A)(2) and (3). In Count IV, respondent neglected a client's case and further failed to make prompt refund of a portion of the fee paid by the client after agreeing to do so in violation of DR 2–110(A)(3). Respondent did not refund the fee until after the client resorted to an action against him in small claims court.

Respondent offered no evidence of mitigating or aggravating circumstances but attributed the incidents to his "bad office habits," a lack of proper filing system, and the large volume of work to which he was assigned. He testified before the Master that since the Advisory Committee investigation he has talked with others about improving his office habits. He testified that his filing system has vastly improved and his volume of work has decreased to a more manageable level. He further testified that he returns his clients' phone calls irrespective of new information on the status of their cases. No further charges have been filed against the respondent since 1983.

There was substantial evidence to support the Master's findings. *Matter of Colson*, 632 S.W.2d 470 (Mo. banc 1982). Respondent admits that he failed to correspond with his clients, the Christisens. In the matter of Count I respondent alleged that the Court mailed the notice of the court date to an incorrect address and failed to send notice that the default judgment had been entered. He stated that he did not intentionally fail to carry out his duties to the Christisens. The informant noted that a competent attorney would have known that once the matter had been on a trial docket and was continued to be reset, that the hearing of the case was imminent. Since the respondent had recently moved his office to a new address and problems can occur when mail must be forwarded, an inquiry to the court should have been made. The Christisens sent several letters to respondent requesting information on the status of their case. These letters were not answered. Further, respondent does not dispute that he failed to return his clients' phone calls. The entry of the default judgment against the Christisens concerned the rights to the use of a well necessary for their farm and, therefore, adversely affected their livelihood. On all other counts respondent does not persuasively dispute the Master's findings but argues that the clients were not harmed by his neglect.

■ The purpose of disciplinary proceedings is to protect the public and maintain the integrity of the legal profession and the courts. *Matter of Bear*, 578 S.W.2d 928 (Mo. banc 1979). The informant recommends disbarment; however, this court has held disbarment to be an extreme measure used only in cases where the lawyer "demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards." *Matter of Alpers*, 574 S.W.2d 427, 428 (Mo. banc 1978). Unless it is clear that the attorney should never practice law, some other less extreme means of discipline is preferred. *In re Sullivan*, 494 S.W.2d 329, 334 (Mo. banc 1973). In this case no charges have been filed against respondent in the three years since this proceeding was initiated. Respondent has testified that his office procedure has been reorganized and improved. The neglect of legal matters entrusted to an attorney by his clients is, however, sufficient for disciplinary action. *Alpers*, 574 S.W.2d at 428. The Master

recommends a ninety day suspension. Under the facts this disposition is appropriate.

Accordingly, it is ordered that respondent be suspended from the practice of law with leave to apply for reinstatement after the expiration of ninety days from the date of rendition of this decision upon a showing that he is a person of good moral character and fully qualified to be licensed as a member of the Bar.

BILLINGS, DONNELLY, ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

WELLIVER, J., dissents in separate opinion filed.

BLACKMAR, Judge, concurring in result.

I ordinarily would not concur in an order for a relatively brief suspension, believing as I do that a lawyer should be disbarred if the evidence establishes his unfitness to practice law, and should not be subject to the disruption of his practice and consequent disaccommodation of his clients unless we are able to make the strong findings required for disbarment. *See In re Littleton*, 719 S.W.2d 772, 779 (Mo. banc 1986) (Blackmar, J., concurring).

My reluctance to concur is accentuated because of the long delays in the processing of this case. As the principal opinion states, the events giving rise to the charges took place between 1980 and 1983. Complaints were in process before the Twenty-First Circuit Bar Committee during 1982. The Advisory Committee then assumed jurisdiction and held informal hearings on November 3, 1983 and May 17, 1984, followed by a formal hearing on June 28, 1984, at which the respondent failed to appear. The respondent requested and was afforded a later formal appearance which took place on September 20, 1984. An information, which was substantially identical to the notice of formal hearing, was not filed in this Court until February 21, 1985. The respondent filed no answer until September 16, 1985, when he was confronted with a motion for judgment on the information. A Master was appointed on October 16, 1985 and filed his report on June 19, 1986. The case was argued before us at the September Session and referred back to the Master for a further report. It was again heard at the May 1987 Session.

I write this not to point the finger at any particular individual, but to lay out the facts for consideration by all of those who have a part in the disciplinary process. In order to protect the public, we must make sure that the process operates swiftly so that those who are unfit to practice are eliminated from the profession and those who are fit to continue are relieved of pending charges, with such reprimands or warnings as may be appropriate under the evidence.

The evidence in this case did not demonstrate dishonesty or moral turpitude, but did raise substantial questions about the respondent's ability to maintain a law practice. Yet he has been undisturbed in his practice for approximately four years while discipline was under consideration. There is no evidence of further complaints against him, and, at the latest appearance before the Master, he gave uncontradicted testimony that he had substantially modified his office procedures. The record shows that he maintains a high volume, low retainer practice. Suspension at this late date may work a serious hardship to clients he has accepted during the lengthy progress of the disciplinary proceedings.

Because the respondent was not without fault in regard to delays, however, I elect to concur in the result reached by the principal opinion. Otherwise I would concur in the result reached by Judge Welliver. The respondent refused to answer inquiries from the Twenty-First Circuit Bar Committee. He failed to appear at the formal hearing and then requested a later hearing. He was in default in this Court for failure to answer the information. I believe that it is appropriate to require him to demonstrate affirmatively that he is fit to resume the practice of law. The period of suspension will allow him to marshal his resources to make the required demonstration.

WELLIVER, Judge, dissenting.

I respectfully dissent. The facts set forth in the majority opinion, suggest to me that respondent was not, at the time of the acts complained of, qualified to practice law and should have been disbarred. Due to the passage of time, over four years, since the misconduct occurred, a strong case can be made for a public reprimand, particularly, as here, where there have been no further charges of misconduct during the intervening time.

Suspension for ninety days can only be punishment. "The purpose of discipline is not to punish the attorney, but to protect the public and maintain the integrity of the legal profession." *In re Littleton*, 719 S.W.2d 772, 777 (Mo. banc 1986), citing *In re Frick*, 694 S.W.2d 473, 479 (Mo. banc 1985). With the ninety day suspension, there is no requirement of notification of clients, surrender of license, or anything else to protect the public. No one knows how many months it will take to go through our reapplication investigation procedures. The odds that there will be changes in respondent's qualifications to practice law in the next ninety days are so minuscule as to be non-existent. As a practical matter, a ninety day suspension will amount to nothing more than an extremely awkward form of public reprimand, awkward both for the respondent and this Court.

Because of the long delays resulting from our far too cumbersome disciplinary procedures, I would, in this instance, utilize the public reprimand because I believe it will better serve the interests of the public.