Matter of Nwosu (2025 NY Slip Op 07074)

Matter of Nwosu

2025 NY Slip Op 07074

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

PM-286-25
[*1]In the Matter of Anthony Emeka Nze Nwosu, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Anthony Emeka Nze Nwosu, Respondent. (Attorney Registration No. 4069514.)

Calendar Date:October 27, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Lynch and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Anthony Emeka Nze Nwosu, Oakley, California, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2002 and had operated an immigration law practice in California, a state he is not admitted in, apparently upon the strength of his New York licensure. He was suspended from the practice of law by October 2023 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations (Matter of Attorneys in Violation of Judiciary Law § 468-a, 220 AD3d 1012, 1015 [3d Dept 2023]). Following petitioner's receipt of seven client complaints arising from respondent's operation of his immigration law practice, petitioner launched an investigation into respondent's conduct. As a result of that investigation, by petition of charges brought in February 2024, petitioner alleged the violation of 18 Rules of Professional Conduct warranting discipline (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [1]). Following joinder of issue and the filing of each party's Statements of Disputed/Undisputed Fact, petitioner moved, by motion marked returnable December 2, 2024, for summary judgment declaring that there were no genuine issues of material fact requiring a hearing, deeming the misconduct established and fixing a time at which the parties could be heard in mitigation, aggravation and as to the discipline to be imposed. Respondent opposed the motion.
By confidential decision and order issued on August 28, 2025, we granted petitioner's motion and found respondent guilty of the misconduct as alleged in the petition of charges. Specifically, we found that respondent neglected all seven client matters at issue, failed to promptly reply to their reasonable requests for information and failed to withdraw from representation as a result of his impairment (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.3 [b]; 1.4 [a] [4]; 1.16 [b] [2]). With respect to six of the matters, we concluded that respondent inappropriately charged the clients a nonrefundable retainer fee and failed to take reasonable steps to avoid foreseeable prejudice to those clients (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.5 [d]; 1.16 [e]). As to five of the matters, we found that respondent inappropriately commingled funds with his own by virtue of his failure to maintain an escrow account (see Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.15 [a]); we additionally determined that he failed to maintain three of those clients' funds in a banking institution (Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.15 [b] [1]). As to those same five matters, respondent failed to provide an accounting of the work performed, failed to deliver them funds they were entitled to receive (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.15 [c] [3], [4]) and inadequately explained the scope of services to be provided, his counsel fees to be charged, his expenses and billing practices and the clients' rights to arbitration in their retainer agreement (see [*2]Rules of App Div, All Depts [22 NYCRR] § 1215. 1 [b]). As to four of the matters, respondent specifically failed to communicate the scope of the representation and the basis or rate of the fee and expenses the clients were responsible for (see Rules of Prof Conduct [22 NYCRR 1200.00] rule 1.5 [b]). With respect to one client matter, we concluded that respondent failed to provide competent representation and engaged in conduct prejudicial to the administration of justice (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.1 [a]; 8.4 [d]). Lastly, as to a separate matter, we determined that respondent failed to act with reasonable diligence and promptness in his representation, failed to appropriately consult with the client and keep him informed about the status of the matter and charged an excessive fee (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.3 [a]; 1.4 [a] [2], [3]; 1.5 [a]). Accordingly, we directed that the parties may be heard in mitigation, aggravation and as to the sanction to be imposed. The parties thereafter made additional submissions on those issues.
As to the appropriate disciplinary sanction in this matter, we have considered respondent's disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a]), which includes a censure by this Court for, among other things, conduct unbecoming a member of the bar (45 AD3d 1107 [3d Dept 2007]), a suspension by this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations (Matter of Attorneys in Violation of Judiciary Law § 468-a, 220 AD3d at 1015) and an indefinite suspension by the Board of Immigration Appeals, the Immigration Courts and the Department of Homeland Security. Moreover, respondent has been disciplined privately on five occasions, four of which concern substantially similar conduct to the misconduct presently at issue, thereby demonstrating a pattern of misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c], [d]; see also Matter of Altman, 227 AD3d 1217, 1218 [3d Dept 2024]). Most pressingly, we note that respondent — an experienced attorney — was serving highly vulnerable clients — namely, those involved in immigration proceedings (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [h], [i]; see also Matter of Ambe, 182 AD3d 695, 697 [3d Dept 2020]).
In mitigation, respondent contends that he has refunded his clients, however he provides no documentary proof of this assertion (see generally ABA Standards for Imposing Lawyer Sanctions standard 9.22 [d], [j]), and he generally has failed to recognize the seriousness of his conduct or expressed remorse for same (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]). Respondent also represents that he suffered a stroke in 2014, and he attributes most of his conduct to the impairment that resulted therefrom (see ABA Standards for Imposing Lawyer Sanctions standard [*3]9.32 [c], [h]). While we are mindful that respondent's impairment may mitigate against some of his misconduct (see generally Matter of Lee, 107 AD3d 1376, 1376 [3d Dept 2013]; Matter of Kramer, 73 AD2d 983, 983 [3d Dept 1980]), it is emphasized that respondent was retained by six of the clients at issue prior to suffering the stroke. Accordingly, having considered the totality of the circumstances, we find that, in order to adequately protect the public, maintain the honor and integrity of the profession and deters others from committing similar misconduct, respondent should be suspended from the practice of law for one year (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Clark, J.P., Pritzker, Reynolds Fitzgerald, Lynch and Powers, JJ., concur.
ORDERED that respondent is suspended from practice of law for a period of one year, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; and it is further
ORDERED that, for the period of suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this state; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).