(June 22, 1999)

■ In the Matter of GERALD G. KRAMER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [694 NYS2d 183] —Per Curiam. Respondent was admitted to practice in 1962 by the Appellate Division, Second Department. He maintains an office for the practice of law in Sidney, Delaware County.

After a hearing, and by report dated February 3, 1999, the Referee sustained certain charges and specifications of a petition alleging seven charges of misconduct against respondent. Petitioner, the Committee on Professional Standards, moves and respondent cross moves to confirm the Referee's report in part and to disaffirm it in part. We confirm the Referee's report with respect to all charges and specifications except specification (2) of charge VII which is disaffirmed.

Respondent neglected a fairly routine divorce matter by allowing two years to elapse from the time the client clearly directed him to proceed to its completion. In addition, in communications to the client and petitioner, at a time when he

knew otherwise, respondent advised that completion of the divorce was imminent.

Respondent also neglected to serve a complaint in a routine collection matter for about a year after opposing counsel had made demand therefor. The neglect unnecessarily complicated the matter, which was still not complete more than three years after respondent was first retained. In addition, respondent did not timely respond to many of the client's calls.

Respondent's misconduct violated this Court's disciplinary rules (see, Code of Professional Responsibility DR 1-102 [A] [4], [5], [8]; DR 6-101 [A] [3] [22 NYCRR 1200.3 (a) (4), (5), (8); 1200.30 (a) (3)]).

In assessing the discipline to be imposed, we note respondent's poor disciplinary record. In the 1970s, petitioner issued a caution and two admonishments to respondent. In 1980, he was suspended for a period of two years for mishandling funds and neglect of client matters, among other things (Matter of Kramer, 73 AD2d 983). In 1982, he was automatically disbarred upon his conviction in Federal court of two counts of forging an indorsement on two United States Treasury checks and two counts of uttering and publishing the checks with intent to defraud the United States (Matter of Kramer, 86 AD2d 696). He was reinstated to practice in December 1990 (Matter of Kramer, 168 AD2d 827). Since then, petitioner has issued a caution and two admonishments to respondent. In view of the recently imposed discipline and the instant sustained charges, it is clear that respondent has not conducted his practice in a manner befitting an attorney, much less an attorney reinstated by this Court as an exercise of its discretion and leniency (see, 22 NYCRR 806.12 [b]). We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended for a period of two years.

Crew III, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that respondent is found guilty of charges I, IV, V, and VI as charged and specified in the petition; he is found not guilty of charges II, III, and VII; petitioner's motion and respondent's cross motion to confirm and disaffirm the Referee's report in part are granted and denied accordingly; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective twenty (20) days from the date of this order, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to ap-

pear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.