(May 4, 2001)

■ In the Matter of GERALD G. KRAMER, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [724 NYS2d 535] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1962. In June 1999, this Court suspended him from practice for a period of two years, a suspension which is still in effect (*see, Matter of Kramer,* 262 AD2d 860, *lv denied* 93 NY2d 1038). During the period covered by the instant charges, respondent maintained an office for the practice of law in the Town of Sidney, Delaware County.

We grant petitioner's motion to confirm a Referee's report which sustained specifications of misconduct against respondent and we find respondent guilty of the following professional misconduct in violation of this Court's attorney disciplin-

ary rules (*see*, 22 NYCRR part 1200). Respondent neglected four legal matters entrusted to him (*see*, Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), submitted a document to a court containing frivolous allegations (*see*, DR 1-102 [a] [4], [5], [7]; DR 7-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.33 (a)]), failed to comply with a court order sanctioning him $500 for filing a frivolous motion which failure led to the court holding respondent in contempt (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), violated this Court's suspension order and engaged in the practice of law while he was suspended (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), and failed to cooperate with petitioner (*see*, DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

Respondent's misconduct is aggravated not only by his current suspension but also by his prior disciplinary record. In the 1970s, petitioner issued a caution and two admonishments to respondent. In 1980, he was suspended for a period of two years for mishandling funds and neglect of client matters, among other things (*see*, *Matter of Kramer*, 73 AD2d 983). In 1982, he was automatically disbarred upon his conviction in Federal court of two counts of forging an indorsement on two United States Treasury checks and two counts of uttering and publishing the checks with intent to defraud the United States (*see*, *Matter of Kramer*, 86 AD2d 696). He was reinstated to practice in 1990 (*see*, *Matter of Kramer*, 168 AD2d 827). After he was reinstated, petitioner issued a caution and two admonishments to respondent. Respondent's current two-year suspension was imposed after respondent was found guilty of having neglected two routine matters, one a divorce and the other a collection matter, attempted to mislead a client and petitioner, and failed to respond to a client's calls.

After having heard respondent in mitigation, we conclude that he is unable to conduct his practice in accordance with the attorney disciplinary rules. We further conclude that, to deter similar misconduct, protect the public and preserve the reputation of the Bar, respondent should be disbarred.

Crew III, J. P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted and respondent's motion to disaffirm the report and for immediate reinstatement is denied; and it is further ordered that respondent is found guilty of the professional misconduct as charged and specified in the petition, except for specifications 1 and 2 of charge I; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the

State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (see, 22 NYCRR 806.9) regulating the conduct of disbarred attorneys.